UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYLVESTER HILL<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN WHITE, *et al*.<br><br>Defendant. | Case No. 20-12335<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, AND TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NOS. 23, 25)**

I.   **Introduction and Background**

Plaintiff Sylvester Hill sues Michigan Department of Corrections Officers Dustin White, Ernest Huizar, and Allan Schott,[1] alleging that they violated his First and Eighth Amendment rights. ECF No. 1. In July 2020, Hill filed a grievance against Huizar and Schott, alleging that they refused to send him for medical attention when he had blood in his urine. *Id*. Hill claims White retaliated against him after he filed the grievance. *Id.* After

---

[1] These defendants are the last remaining in the action; the Court dismissed the other defendants in November 2020. ECF No. 6.

his grievance was denied, he filed an appeal on August 8, 2020. *Id*. Five days later, he filed this lawsuit. *Id.*

The Honorable David M. Lawson referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11.

Defendants move for summary judgment under Federal Rule of Civil Procedure 56(a). ECF No. 23. Hill filed no response to defendants' motion, but he moved for a default judgment against each defendant. ECF No. 25.[2] Because Hill did not exhaust his administrative remedies, the Court recommends that defendants' motion for summary judgment be granted, that Hill's motion for default judgment be denied, and that Hill's claims against these defendants be dismissed without prejudice.

### III. ANALYSIS

#### A.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the

---

[2] Hill also submitted an unsigned, undated letter to the Clerk of the Court. ECF No. 26; ECF No. 29. In the submission, Hill acknowledges that he submitted his grievance twice. *Id.*

2

record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).

The Prison Litigation Reform Act requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v Corr.*, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021) (internal quotation and citation omitted), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021).

Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'fx 201, 204 (6th Cir. 2006).

**B.**

The Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances.[3] Unrebutted proof shows that Hill did not follow this procedure. First, defendants attach the MDOC Prisoner Step III Grievance Report to show that Hill did not filed a Step III grievance in 2020. ECF No. 23-3. Second, Hill simply could not have completed the three-step grievance procedure because he sued only five days after his Step I grievance was denied. ECF No. 1; ECF No. 23. The Court "may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

Hill failed to properly exhaust his administrative remedies and his claims against the remaining defendants should be dismissed. And since

---

[3] The Policy Directive is available at: https://www.michigan.gov/documents/corrections/03_02_130_649677_7.pdf (last viewed 12/16/2021).

4

defendants have defended this action by filing a meritorious motion for summary judgment, Hill's motion for default judgment is groundless. *See* Fed. R. Civ. P. 55.

### III. CONCLUSION

Defendants' motion, ECF No. 23, should be **GRANTED** and Hill's complaint should be **DISMISSED WITHOUT PREJUDICE**. Hill's motion for default judgment, ECF No. 25, should be **DENIED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 20, 2021

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Case 2:20-cv-12335-DML-EAS   ECF No. 33, PageID.154   Filed 12/20/21   Page 6 of 6

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2021.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager

6